IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDITH STONE,
        Plaintiff,

    v.

MATTHEW CATE, GLENDA PRESSLY, NANCY HANLEY, TAMMIE SCHEID, and the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

        Defendants.

2:09-cv-02139-GEB-KJM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS[*]

On November 5, 2009, Defendants Matthew Cate, Glenda Pressly, Nancy Hanley, and the California Department of Corrections and Rehabilitation ("CDCR") (collectively, "Defendants") filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Further, Defendants Cate and Pressly argue they are

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

[1] Defendants also seek dismissal of Plaintiff's Complaint based on the argument that a California State Personnel Board ("SPB") decision precludes Plaintiff's claims. This portion of the dismissal motion is denied since Defendants have not shown that the claims in Plaintiff's Complaint involve the same "primary right" that was "at stake" in the SPB decision. Takahashi v. Board of Trustees of Livingston Union School Dist., 783 F.2d 848, 850-51 (9th Cir. 1986) (finding that plaintiff's claim asserted a primary right already litigated and dismissing action on the ground of res judicata).

1

page

1 qualifiedly immune from the federal claims alleged in plaintiff's
2 Complaint.  Plaintiff has not opposed the motion.

### I.  Background

Plaintiff was hired as a substitute teacher at N.A. Chaderjian Youth Correctional Facility ("CHAD") on October 5, 2005. (Compl. ¶ 6.)  As a substitute teacher, Plaintiff was required to possess a teaching credential issued by the California Commission on Teacher Credentialing ("CCTC").  (Id.)  Plaintiff was notified on August 28, 2007, that she would be terminated effective September 12, 2007 "because her teaching credential would be expiring and she had not presented a new one."  (Id. ¶ 7.)  Plaintiff alleges "[s]ubsequently, but not before the effective date of her termination of employment . . . [, her] teaching credential was renewed." (Id. at 8.)  Plaintiff alleges six claims in her Complaint under 42 U.S.C. §§ 1983, 1985(3), and 1986.

### II.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When considering a dismissal motion, all "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  However, this "tenet . . . is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1940 (2009).
//

1 **III.  Analysis**
2 **A.  Sovereign Immunity**
3        Defendants CDCR and Matthew Cate argue they are entitled to sovereign immunity.  These defendants argue since "Plaintiff alleges that the [CDCR] is a State Agency and sues Defendant Matthew Cate in his official capacity only . . . [Plaintiff's] claims against these Defendants must be dismissed without leave to amend on the grounds of Eleventh Amendment Immunity."  (Mot. 7:26-8:2.)

       CDCRC as an agency of the state is entitled to Eleventh Amendment immunity.  "Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."  Dittman v. State of California, 191 F.3d 1020, 1025 (9th Cir. 1999) (quoting Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir.1989)).  This immunity bars Plaintiff's claims against the CDCR.  See Brown v. California Dept. of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity.").  Therefore, Plaintiff's claims alleged against CDCR are dismissed without leave to amend on the basis of Eleventh Amendment immunity.

       Cate argues:

> While it is true that an individual, such as Cate, may be sued in his official capacity for prospective injunctive relief, the Complaint does not include a request for prospective injunctive relief here.  Although the Plaintiff's prayer for relief seeks "injunctive relief", she confuses injunctive relief with monetary relief.  The prayer states that she seeks injunctive relief in the form of back and front pay, and lost fringe benefits.

3

(Mot. 8:3-8). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is not different from a suit against the state itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (cite omitted). "Therefore, state officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity." Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). Further, although the Eleventh Amendment does not bar an action seeking prospective injunctive relief against a state official, "[a] remedy for past injury, even if it purports to be an injunction against state officers requiring the future payments of money, is . . . forbidden under the Eleventh Amendment." Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 956 (9th Cir. 2008) (quotes and brackets omitted).

Here, Plaintiff's Complaint states, "Defendant Cate is sued in his official capacity only." (Compl. ¶ 4(a).) Plaintiff seeks "equitable and injunctive relief in the form of reinstatement, back pay and front pay . . . and prospective equitable relief." (Id. at 10:7-9, 14-15.) The relief Plaintiff seeks cannot be "properly characterized as prospective" since Plaintiff has alleged no "ongoing violation of federal law." Seven Up Pete Venture, 523 F.3d at 956. Therefore, Plaintiff's claims alleged against Cate are dismissed based on Eleventh Amendment Immunity.

**B.   First Claim: Conspiracy Under 42 U.S.C. § 1985**

Defendant Hanley seeks dismissal of Plaintiff's first claim, arguing it is "premised on conclusory allegations." (Mot. 8:11.) Plaintiff alleges "Defendants Hanley and Schneid intentionally

4

1  violated 42 [U.S.C.] § 1985(3) by entering into an agreement between

2  themselves . . . to withhold beneficial information from her because

3  of her race or color."  (Compl. ¶ 19.)  "A claim under [§ 1985] must

4  allege facts to support the allegation that defendants conspired

5  together.  A mere allegation of conspiracy without factual specificity

6  is insufficient."  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d

7  621, 626 (9th Cir. 1988).  Plaintiff's Complaint contains only

8  conclusory allegations of a conspiracy, unsupported by any factual

9  allegations of an agreement.  Therefore, Plaintiff's first claim is

10  dismissed.

11  **C.   Second Claim: Failure to Supervise Under 42 U.S.C. § 1986.**

12          Defendant Pressley seeks dismissal of Plaintiff's second

13  claim, arguing it contains "bare assertions amount[ing] to nothing

14  more than a formulaic recitation of the elements of [the claim]."

15  (Mot. 11:20-22.)  Plaintiff alleges Pressley "had knowledge of the

16  wrongs Hanley and Schneid conspired to . . . and having the power to

17  prevent or aid in preventing the commission of the same, failed to act

18  . . . in violation of 42 [U.S.C.] § 1986."  (Compl. ¶ 21.)  "Section

19  1986 imposes liability on every person who knows of an impending

20  violation of section 1985 but neglects or refuses to prevent the

21  violation.  A claim can be stated under section 1986 only if the

22  complaint contains a valid claim under section 1985."  Karim-Panahi,

23  839 F.2d at 626.  Since Plaintiff has failed to state a section 1985

24  claim, her section 1986 also fails.  Therefore, Plaintiff's second

25  claim is dismissed.

26  //

27  //

28  //

**D.   Third Claim: Procedural Due Process**

Defendants Hanley and Pressley seek dismissal of Plaintiff's third claim, arguing "there is no constitutional right to notification of an expedited process for renewal of a credential." (Mot. 13:16-17.) Plaintiff alleges Defendants violated her rights "by withholding from [her] the process which was due, that is, information concerning the expedited processing of her application for renewal of her teaching credential or the availability of an exemption." (Compl. ¶ 24.) "[T]he Fourteenth Amendment does not require a remedy when there has been no deprivation of a protected interest." Davidson v. Cannon, 474 U.S. 344, 348 (1986). Here, Plaintiff does not allege facts showing that Defendants Hanley and Pressley had a duty to inform her of a method for expediting her application or the availability of an exception. Therefore, Plaintiff has not demonstrated that she has been deprived of an interest protected by the Fourteenth Amendment. Therefore, Plaintiff's third claim is dismissed.

**E.   Fourth and Fifth Claims: Substantive Due Process**

Defendants Hanley and Pressley also seek dismissal of Plaintiff's fourth and fifth claims, arguing they consist of "threadbare and conclusory allegations." (Mot. 14:17, 24.) Plaintiff alleges in her fourth claim that Defendants subjected her to "a deprivation of substantive due process of law in violation of the due process and equal protection of law clauses of the Fourteenth Amendment by depriving [Plaintiff] of her employment for reasons of her race or color in violation of 42 [U.S.C.] § 1983." (Compl. ¶ 26.) Plaintiff alleges in her fifth claim that Defendants subjected her to "a deprivation of substantive due process of law in violation of the due process of law clause of the Fourteenth Amendment by depriving

6

1  [Plaintiff] of her employment for arbitrary and capricious reasons in
2  violation of 42 [U.S.C.] § 1983." (Compl. ¶ 28.)  These "threadbare"
3  recitals are insufficient to state a claim for violation of
4  Plaintiff's substantive due process rights.  Therefore, Plaintiff's
5  fourth and fifth claims are dismissed.

**F.  Sixth Claim: Retaliation**

7          Lastly, Defendants seek dismissal of Plaintiff's sixth
8  claim, arguing Plaintiff's allegations are "sparse, vague, and
9  conclusory." (Mot. 16:11.)  Plaintiff alleges in her sixth claim that
10 "[o]n or before December 1, 2008, [Plaintiff]'s teaching credential
11 was renewed by the [CCTC]" yet "Hanley refused to *re-employ*
12 [Plaintiff] even though there was a need . . . for her services."
13 (Compl. ¶ 30 (emphasis added).)  Plaintiff further alleges Defendants
14 "were aware" that Plaintiff "had filed charges [against Defendant
15 Cate] of employment discrimination with the United States Equal
16 Employment Opportunity Commission (EEOC) and the California Department
17 of Fair Employment and Housing (CDFEH)". (Compl. ¶ 31.)  To state a
18 claim for retaliation, a plaintiff must allege that (1) she was
19 engaging in a protected activity, (2) she suffered an adverse
20 employment decision, (3) there is a causal link between the protected
21 activity and the adverse employment decision. Folkerson v. Circus
22 Circus Enterprises, Inc., 107 F.3d 754, 755 (9th Cir. 1997).
23 Plaintiff has not alleged a causal link between her filing of the EEOC
24 and CDFEH Complaints and Hanley's refusal to "re-employ" her.
25 Therefore, she has failed to state a claim for retaliation.
26 Plaintiff's sixth claim is dismissed.
27 //
28 //

**IV. Conclusion**

Since all of Plaintiff's claims have been dismissed, the merits of Defendants Cate and Pressly's qualified immunity arguments are not reached. For the stated reasons, Defendants' motion to dismiss is GRANTED with leave to amend, except the claims against Defendant CDCR, which are dismissed without leave to amend. Plaintiff is granted ten (10) days from the date on which this Order is filed within which to file a first amended complaint correcting the deficiencies in the claims dismissed.

Dated: March 3, 2010

*/s/ Garland E. Burrell, Jr.*
GARLAND E. BURRELL, JR.
United States District Judge