IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH STONE, | ) |
| | ) |
| Plaintiff, | ) 2:09-cv-02139-GEB-KJM |
| | ) |
| v. | ) ORDER |
| | ) |
| MATTHEW CATE, GLENDA PRESSLY, | ) |
| NANCY HANLEY, and TAMMIE SCHEID, | ) |
| | ) |
| Defendants. | ) |

Pending is Defendants Matthew Cate, Glenda Pressly, and Nancy Hanley's unopposed motion to dismiss the claims alleged against them with prejudice under Federal Rule of Civil Procedure ("Rule") 41(b), for failure to prosecute or comply with a court order. The referenced order issued on March 4, 2010, and granted these Defendants' motion to dismiss Plaintiff's claims alleged against them for failure to state a claim upon which relief can be granted under Rule 12(b)(6), and provided Plaintiff ten days leave to amend her complaint. Plaintiff failed to oppose these Defendants' Rule 12(b)(6) dismissal motion. Nor has Plaintiff amended her complaint within the leave to amend period prescribed in the March 4, 2010 dismissal order.

1

Plaintiff has also failed to oppose Defendants' Rule 41(b) dismissal motion.  Nor has Plaintiff provided an explanation for her above stated failures.

Rule 41(b) prescribes: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . . "  Fed. R. Civ. P. 41(b).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first and second factors (the public's interest in expeditious resolution of litigation and the court's need to manage its docket) weigh heavily in favor of dismissal because of Plaintiff's failure to oppose either the Rule 12(b)(6) or the Rule 41(b) dismissal motion, and her failure to amend her dismissed claims within the time period provided in the March 4, 2010 dismissal order.  Plaintiff's failure to timely amend her complaint against the movants has impaired the public's interest in expeditious resolution of litigation and undermines the court's ability to manage its docket.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1990) ("the public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan, 291 F.3d at 642 (stating that "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

1     The third factor concerning the risk of prejudice to the
2 defendants includes consideration of the strength of the plaintiff's
3 excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43
4 (stating "[u]nnecessary delay inherently increases the risk that
5 witnesses' memories will fade and evidence will become stale").  The
6 Ninth Circuit has "indicated that the risk of prejudice to the
7 defendant is related to the plaintiff's reason for defaulting in
8 failing to timely amend." Yourish, 191 F.3d at 991.  Since Plaintiff
9 has provided no excuse for her failure to amend the dismissed claims
10 this "indicates  that there [is] sufficient prejudice to Defendants
11 from the delay that this factor also . . . favors dismissal."
12 Yourish, 191 F.3d at 992; see also Ross v. Woodland Joint Unified Sch.
13 Dist., No. 2:07-cv-01668-MCE-JFM, 2008 WL 3367589, at *2 (E.D. Cal.
14 Aug. 8, 2008) (finding "this factor weighs strongly in favor of
15 dismissal" when "Plaintiff was notified that he had twenty days to
16 amend his complaint, but has not filed an amended complaint, nor put
17 forth a reason for his failure to comply with the Court's Order").

18     The fourth factor concerning the availability of less
19 drastic alternatives also weighs in favor of dismissal since Plaintiff
20 has failed to oppose Defendants' Rule 41(b) dismissal motion.  This
21 motion warns Plaintiff that her claims against the movants could be
22 dismissed with prejudice; this warning is sufficient here to "meet the
23 'consideration of alternatives' requirement."   In re
24 Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1229
25 (9th Cir. 2006) (cite omitted).  Accordingly, this factor weighs in
26 favor of dismissal.

27     The fifth factor concerns the public policy favoring
28

1 disposition of cases on their merits.  This factor weighs against
2 dismissal.  <u>Pagtalunan</u>, 291 F.3d at 643, (stating "[p]ublic policy
3 favors disposition of cases on the merits").
4     However, the balance of all factors favors dismissal.
5 Therefore Defendants' Rule 41(b) dismissal motion is GRANTED and
6 Plaintiff's claims alleged against Defendants Matthew Cate, Glenda
7 Pressly, and Nancy Hanley are dismissed with prejudice.  Only
8 Plaintiff's claims against Defendant Tammy Scheid remain.

Dated:  May 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge