IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH STONE,<br><br>    Plaintiff,<br><br>    v.<br><br>TAMMIE SCHEID,<br><br>    Defendant.* | 2:09-cv-2139-GEB-GGH<br><br>**TENTATIVE RULING** GRANTING DEFENDANT JUDGMENT ON THE PLEADINGS |

The following tentative ruling will become the order of this Court if a timely response to this tentative ruling is not filed. Any response shall be filed within seven (7) days of the date on which this tentative ruling is filed.

Defendant Tammie Scheid moves for summary judgment under Federal Rule of Civil Procedure ("Rule") 56. (ECF No. 20.) Plaintiff has not opposed the motion.

Scheid's arguments in her motion for summary judgment include an attack on Plaintiff's pleadings and indicate she is entitled to judgment on the pleadings under Rule 12(c). Since the motion reveals Scheid is entitled to judgment on the pleadings, the Court *sua sponte* tentatively grants Scheid judgment on the pleadings.

---

\* The caption has been amended according to the Order filed April 11, 2010, which dismissed Defendants Matthew Cate, Glenda Pressly, and Nancy Hanley.

1

## I.  Legal Standard

"A district court may sua sponte . . . grant[] judgment on the pleadings." Lyman v. Loan Correspondents, Inc., No. SACV 06-01174-CJC(ANx), 2009 WL 3757398, at *1 (C.D. Cal. Nov. 6, 2009); see Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) ("[F]or a court to grant judgment on the pleadings, sua sponte, is not error. The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."); Flora v. Home Fed. Sav. & Loan Ass'n, 685 F.2d 209, 211-12 (7th Cir. 1982) (affirming the district court's sua sponte granting of judgment on the pleadings). "The court must give notice of its sua sponte intention to [grant judgment on the pleadings] and afford plaintiff[] 'an opportunity to at least submit a written memorandum in opposition to such motion.'" Lyman, 2009 WL 3757398, at *1 (quoting Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)).

"Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). When deciding a Rule 12(c) motion for judgment on the pleadings, "all factual allegations in the complaint [are accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Id. "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings." Butler v. Resurgence Financial, LLC, 521 F. Supp. 2d 1093, 1095 (C.D. Cal. 2007). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing[;] . . . the motions are functionally identical . . . ." Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

2

## II.  Claims and Allegations

Plaintiff alleges the following claims in her Complaint against Scheid: conspiracy, procedural due process, and substantive due process. (Compl. ¶¶ 18-19, 23-28.) Plaintiff alleges she was hired as a substitute teacher at N.A. Chaderjian Youth Correctional Facility on October 5, 2005. Id. ¶ 6. She also alleges as a substitute teacher she was required to possess a teaching credential issued by the California Commission on Teacher Credentialing. Id. Plaintiff alleges that on August 28, 2007, she was notified she would be terminated effective September 12, 2007 because her teaching credential was expiring. Id. ¶ 7. Plaintiff alleges her teaching credential was subsequently renewed, before the date of her termination. Id. ¶ 8. Plaintiff further alleges that "Defendants Hanley and Scheid . . . agreed to withhold information from [her] concerning the expedited process by which she could obtain renewal of her teaching credential[.]" Id. ¶ 9. Defendant Hanley was dismissed from this action when her Rule 12(b)(6) dismissal motion was granted. (ECF No. 13.)

## III.  Discussion

### A.  Conspiracy under 42 U.S.C. § 1985

Scheid argues Plaintiff's conspiracy claim alleged under 42 U.S.C. § 1985 "must fail because no facts support her allegations that Scheid and Hanley entered into any agreement whatsoever, let alone a racially-motivated agreement to withhold information from [Plaintiff] or to mislead [her]." (Mot. for Summ. J. ("Mot.") 16:14-16.) Plaintiff alleges "Defendants Hanley and Scheid intentionally violated 42 [U.S.C.] § 1985(3) by entering into an agreement between themselves . . . to withhold beneficial information from her because of her race or color." (Compl. ¶ 19.) "A claim under [§ 1985] must allege facts to support the

3

allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's Complaint contains only conclusory allegations of a conspiracy, unsupported by any factual allegations of an agreement. Therefore, Scheid is granted judgment on the pleadings on this claim.

### B. Procedural Due Process

Scheid argues she prevails on Plaintiff's procedural due process claim because "there is no constitutional right to notification of an expedited process for credential renewal[.]" (Mot. 14:23-24.) Plaintiff alleges Scheid violated her procedural due process rights "by withholding from [her] the process which was due, that is, information concerning the expedited processing of her application for renewal of her teaching credential or the availability of an exemption[.]" (Compl. ¶ 24.) "[T]he Fourteenth Amendment does not require a remedy when there has been no deprivation of a protected interest." Davidson v. Cannon, 474 U.S. 344, 348 (1986) (internal quotation marks omitted). Plaintiff does not allege facts showing that Scheid had a duty to inform Plaintiff of a method for expediting her application or the availability of an exception. Therefore, Plaintiff has not demonstrated that she has been deprived of an interest protected by the Fourteenth Amendment. Accordingly, Scheid is granted judgment on the pleadings on this claim.

### C. Substantive Due Process Claims

Scheid also argues Plaintiff's substantive due process claims "must fail because she does not have a fundamental property or liberty interest in her employment." (Mot. 12:26-27.) Plaintiff alleges that Scheid subjected her to "a deprivation of substantive due process of law in violation of the due process and equal protection of law clauses of

the Fourteenth Amendment by depriving [Plaintiff] of her employment for reasons of her race or color in violation of 42 [U.S.C.] § 1983[.]" (Compl. ¶ 26.) Plaintiff further alleges that Scheid subjected her to "a deprivation of substantive due process of law in violation of the due process of law clause of the Fourteenth Amendment by depriving [Plaintiff] of her employment for arbitrary and capricious reasons in violation of 42 [U.S.C.] § 1983." Id. ¶ 28. These conclusory allegations constitute "formulaic recitation[s] of the elements of a cause of action" which are insufficient to state a claim for violation of Plaintiff's substantive due process rights. Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). Therefore, Scheid is granted judgment on the pleadings on these claims.

### IV.   Conclusion

For the stated reasons, Defendant Scheid is granted judgment on the pleadings on all of Plaintiff's claims. Judgment shall be entered in favor of Defendant if no response is filed within seven (7) days of the date on which this tentative ruling is filed.

Dated:  March 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge