IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDITH STONE,  )
                              )  2:09-cv-2139-GEB-GGH
       Plaintiff,  )
                              )
   v.  )  ORDER DENYING DEFENDANT'S
                              )  MOTION FOR ATTORNEYS' FEES
TAMMIE SCHEID,  )
                              )
       Defendant.  )
_____)

        Defendant Tammie Scheid seeks $54,843.00 in attorneys' fees under 42 U.S.C. § 1988. This action was decided in Scheid's favor when the Court *sua sponte* granted Scheid judgment on the pleadings, instead of reaching the merits of Scheid's then pending summary judgment motion on all of Plaintiff's claims. Plaintiff alleged in her Complaint that she was denied due process and equal protection of the law based on her race when her employer denied her information regarding how to renew her teaching credential, so that she could retain her teaching position, in the situation where her employer gave that information to a Caucasian teacher.

        42 U.S.C. § 1988(b) prescribes in relevant part: "In any action or proceeding to enforce . . . [42 U.S.C. §§ 1983, 1985] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Under this statute, "a prevailing defendant should not routinely be awarded attorneys' fees simply because [s]he has succeeded, but rather only where the action is

found to be unreasonable, frivolous, meritless, or vexatious." <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1402 (9th Cir. 1994) (citation and internal quotation marks omitted). "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." <u>Barry v. Fowler</u>, 902 F.2d 770, 773 (9th Cir. 1990).

Scheid argues she is entitled to an award of attorneys' fees since: "[t]here are absolutely no facts to support any of Plaintiff Stone's theories of liability against Defendant Scheid[, and i]n fact the court took the somewhat unusual step of *sua sponte* finding that this case was appropriate for issuance of a judgment on the pleadings." However, Scheid's conclusory arguments do not satisfy her burden under the applicable standard. Therefore, the motion is DENIED.

Dated: September 29, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge